IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**PAUL ARNOLD**,

        Plaintiff,

v.

                                                          No.6:07-CV-00170-BB

**JEFFREY P. JOHNSON, M.D.**,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment **[Doc. 25]**. The Court, having considered the motion, response, reply, and relevant law, and being otherwise fully informed, finds that the motion will be **DENIED**.

### I.  Background

In 2000, Plaintiff Paul Arnold underwent spinal surgery, performed by Defendant Dr. Johnson, involving the placement of metal hardware and four screws into his spine. [Defendant's Motion at 2; Plaintiff's Response at 3]. Following his surgery he claims that he began to experience persistent pain, numbness, and weakness in his left leg. [Plaintiff's Response, Ex. A at 2]. Plaintiff contends that this pain was caused by a screw placed incorrectly by Dr. Johnson during surgery. [Defendant's Motion at 2; Plaintiff's Response at 3]. Plaintiff filed his complaint in December, 2006 alleging medical malpractice and negligence by Dr. Johnson as well as lack of informed consent, negligent infliction of emotional distress, and punitive damages. Defendant brought this motion for summary judgment arguing that Plaintiff's claims are time barred by the three-year New Mexico statute of limitations because Plaintiff knew or should have known, by December 2002, that his injuries were caused by the crooked screw.  N.M. Stat. §37-1-8 (2007). Plaintiff maintains that he did not know this screw was the source of his pain until December 2004, and thus the statute of limitations does not bar his claims.

**II. Standard on Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In evaluating a motion for summary judgment, the court views the evidence and draws all reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Martin v. Kansas*, 190 F. 3d 1120, 1129 (10th Cir. 1999). However, it is "not required to evaluate every conceivable inference which can be drawn from evidentiary matter, but only reasonable ones." *Lucas v. Dover Corp.*, 857 F.2d 1397, 1401 (10th Cir. 1988).

Summary judgment is inappropriate if disputes remain as to material facts. *See James Barlow Family Ltd. P'ship v. David M. Munson, Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997). An issue of fact is "material" if it is essential to the proper disposition of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. Thus where the issue at summary judgment is the statute of limitations "a court should not grant summary judgment for a defendant if there is a viable issue of fact as to when the limitations period began." *Dzenits v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 494 F.2d 168, 171 (10th Cir. 1974); *see also* Wright, Miller & Kane, 10B *Federal Practice & Procedure* § 2734 (3d ed. 2007).

**III. Statute of Limitations**

This case comes before the Court on the basis of diversity jurisdiction, thus this Court must "ascertain and apply the state law," *Wade v. Emcasco Insurance Co.,* 483 F.3d 657, 665 (10th Cir. 2007), here the substantive law of the state of New Mexico. *See also Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938).

The New Mexico Supreme Court has found that medical malpractice actions against healthcare providers who are not "qualified healthcare providers" under New Mexico law are governed by the three-year statute of limitations in section 37-1-8 of the New Mexico Statutes.

*Roberts v. Southwest Cmty. Health Servs.*, 837 P.2d 442, 448 (N.M. 1992).[1] This statute of limitations is based on a discovery rule, i.e. "the cause of action accrues when the plaintiff discovers or with reasonable diligence should have discovered that a claim exists." *Id.* at 449. It is undisputed that in 2000, when Plaintiff had his surgery, Dr. Johnson was not a qualified healthcare provider under New Mexico law. [Defendant's Motion at 3; Plaintiff's Response at 5]. Consequently, Plaintiff's cause of action did not accrue in the instant case until he knew of, or with reasonable diligence could have discovered, the cause of his injury. *See Maestas v. Zager*, 152 P.3d 141, 147-48 (N.M. 2007).

In this regard, Defendant claims that Plaintiff knew by 2002 that the screw in his back was crooked and suspected that his pain was caused by the crooked screw, and thus his claim accrued in 2002, and the limitation ran in 2005. [Defendant's Motion at 4]. Plaintiff presents evidence of quite a different story. Plaintiff, in his deposition, states that very soon after the surgery he visited Dr. Johnson's office, with MRI pictures of the crooked screw, and that both Dr. Johnson and his physician's assistant assured him that everything was fine, and that the screw was in fact correctly placed. [Plaintiff's Response, Ex. A at 3]. He was then referred by Dr. Johnson's office to a neurologist for his pain. [Plaintiff's Response, Ex. A at 2]. Plaintiff states that the neurologist diagnosed him with mononeuritis multiplex and prescribed various rounds of physical therapy and water therapy, which he completed with no significant improvement in his condition. [Plaintiff's Response, Ex. A at 4]. In 2002, still in significant pain and discomfort,

---

[1] Healthcare providers who are qualified under New Mexico law are governed by the statute of limitations stated in the New Mexico Medical Malpractice Act, which states, "[n]o claim for malpractice arising out of an act of malpractice which occurred subsequent to the effective date of the Medical Malpractice Act may be brought against a health care provider unless filed within three years after the date that the act of malpractice occurred." N.M. Stat. §41-5-13 (2007). Thus the statute of limitations for providers covered by the Act depends on the date of the occurrence of the malpractice, regardless of when the plaintiff became aware of the injury, whereas the statute of limitations for healthcare providers not covered by the Act depends on when the plaintiff discovered, or reasonably should have discovered, his or her injury. *See Roberts,* 837 P.2d at 443-444, 449.

Plaintiff saw another neurologist. This neurologist diagnosed him with "L5 radiculopathy,"[2] and recommended that Plaintiff wear high top shoes. [Defendant's Motion, Ex. B at 2]. Plaintiff maintains it was not until he saw an orthopedic surgeon in 2004 that he finally received a diagnosis from a medical professional that the crooked screw was in fact the cause of his pain and that surgery was necessary to correct the screw. [Plaintiff's Response at 7; Plaintiff's Response Ex. A at 8].

Defendant argues that Plaintiff's suspicions that the screw caused his injuries were sufficient as a matter of law for the cause of action to accrue. To support this contention he cites to *Martinez v. Showa Denko, K.K*, 964 P.2d 176 (N.M. Ct. App. 1998), a New Mexico Court of Appeals case in which the plaintiff, six years before bringing suit, saw numerous doctors, several of which linked her condition to her ingestion of the supplement L-Tryptophan (LT). *Id.* at 177-179. The Court noted that "[a]s a general rule, the mere fact that there is a divergence of medical opinions among physicians concerning the cause of an individual's ailment does not preclude or toll the running of the statute of limitations," and granted summary judgment to the defendant. *Id.* at 182. Defendant's reliance on *Martinez* is, however, misplaced. Plaintiff, unlike the plaintiff in *Martinez*, did not encounter a divergence of medical opinion: Defendant told Plaintiff that there was nothing wrong with the screw, and doctor after doctor appears to have dismissed every link between Plaintiff's surgery and Plaintiff's pain. Contrary to Defendant's contention, a simple suspicion regarding the cause of injury is not sufficient to accrue the cause of action under New Mexico law, particularly where the plaintiff has no medical confirmation of that suspicion. *See, e.g., Maestas,* 152 P.3d at 148 (emphasizing the disparity in knowledge between patients and doctors and the principles of fairness inherent in ensuring that a plaintiff of ordinary diligence has adequate time to pursue his claim); *cf. Martinez,* 964 P.2d at 181-82 (granting summary judgment for defendant where plaintiff received confirmation from multiple doctors that her condition was linked to her ingestion of a dietary supplement six years prior to bringing

---

[2] Radiculopathy is a fairly general term that refers to " [a]ny disease or abnormality of a dorsal or ventral (sensory or motor) spinal nerve root from the point where it merges with the spinal cord (or brain stem) to the point where it joins its companion root (a motor or a sensory) to form a spinal nerve." 5-R Attorneys' Dictionary of Medicine 218 (2005). L5 refers to the fifth lumbar vertebrae of the spine. 5-P Attorneys' Dictionary of Medicine Scope 1 (2005).

suit).[3] Plaintiff is not a medical professional, thus as noted by the New Mexico Supreme Court, he "may not require any special knowledge or training to know that [he] suffers from pain, [but] in the absence of such knowledge or training, [he] may be unable to ascertain the cause of that pain, *i.e.,* the professional malpractice of a physician." *Roberts*, 837 P.2d at 450-51.

      The real crux of the issue between the parties is whether Plaintiff was reasonably diligent in attempting to determine the cause of his pain prior to 2004. *See Martinez,* 964 P.2d at 182 ("the tolling of the applicable statute of limitation by the rule ends when the person claiming the benefit of the rule acquires knowledge of facts, conditions, or circumstances which would cause a reasonable person to make an inquiry leading to the discovery of the concealed cause of action."). Defendant provides evidence that Plaintiff knew the screw was crooked as of 2000 and suspected that the screw was the cause of his pain by at least 2002. Plaintiff provides evidence that Defendant told him the screw was correctly placed, and that he saw at least three additional doctors before any doctor confirmed, in 2004, that his pain was caused by the misplaced screw. The case thus presents a genuine issue of material fact as to whether Plaintiff reasonably should have known the screw was the cause of his pain, and whether he diligently investigated this pain prior to 2004. As "[h]istorically, courts of [New Mexico] have characterized the application of the discovery rule as a jury question, particularly when conflicting inferences may be drawn," *Williams v. Stewart*, 112 P.3d 281, 286 (N.M. Ct. App. 2005), the issue of reasonable diligence

---

[3] Defendant's reliance on the Supreme Court holding in *US v. Kubrik*, 444 U.S. 123-24, 118 (1979), is similarly misplaced. In *Kubrik* the Court held that a plaintiff's claim accrues under the Federal Tort Claims Act when the plaintiff knows both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute medical malpractice. 28 U.S.C. §2401(b). As noted by Defendant, the plaintiff in *Kubrik* was told by a specialist that his injuries were probably caused by the antibiotic treatment, but he did not know that the treatment may have been negligent. Thus the issue before the Court was whether the plaintiff's lack of awareness that his injuries were negligently inflicted, rather than his actual awareness of the connection between the treatment and his injuries, tolled the statute of limitations. In the instant case, Plaintiff provides evidence that his suspicions regarding the cause of his injuries were consistently negated by medical professionals. Thus unlike the plaintiffs in *Kubrik* and *Martinez* Plaintiff not only had no medical confirmation of the link between his injuries and the surgery until 2004, he actually had medical assurance that there was no link.

in this case is a factual question for a jury. *See also Maestas,* 152 P.3d at 148; *Roberts,* 837 P.2d at 451. Consequently, summary judgment is inappropriate at this time.

## **ORDER**

A Memorandum Opinion having been entered this date, it is hereby ORDERED that the Motion for Summary Judgment [Doc. 25] be, and hereby is, DENIED.

Dated this 11th day of February, 2008.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE