IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PAUL ARNOLD**,

        Plaintiff,

v.

                                                                                      No.6:07-CV-00170-BB

**JEFFREY P. JOHNSON, M.D.,**

       Defendant.

## MEMORANDUM OPINION AND ORDER

       **THIS MATTER** is before the Court on Plaintiff's Motion to Extend Expert Deadlines [Doc. 34] and Defendant's Motion to Extend Deadline for Disclosure of Expert Witnesses [Doc 33]. The Court has reviewed the submissions of the parties and the relevant law. While the Court agrees with Defendant that Plaintiff's counsel has shown little regard for the discovery deadlines set by the Court, denying Plaintiff's motion may very well result in dismissal of his case. This is only to be implemented as a last resort. The Court therefore will permit Plaintiff to name an expert subject to the conditions set out below.

**I. Background**

       The Court has before it several motions relating to Plaintiff's failure to comply with the Fed. R. Civ. P. 26(a)(2) disclosure deadlines for expert witnesses. After Plaintiff missed the October 19, 2007 deadline, Defendant filed a motion for summary judgment due to Plaintiff's lack of an expert witness. [Doc. 28].[1] In response Plaintiff filed a motion seeking an extension of the deadline for the required Rule 26 expert witness disclosures. [Doc. 34]. Defendant opposes this motion but has also filed a motion requesting an extension of his deadlines should the Court grant Plaintiff's motion. [Doc. 33]. The required disclosures were due as of October 19, 2007. Plaintiff claims that he did not make the requisite disclosures because he believed that the parties had come to an agreement regarding the extension of the deadlines. [Plaintiff's Motion to Extend

---

[1] As the Court is granting Plaintiff's Motion to Extend Expert Deadlines, Defendant's Motion for Summary Judgment [Doc. 28] is rendered moot.

Expert Deadlines at 1-2]. Defendant maintains that the parties discussed filing a motion for an extension, but that Plaintiff's counsel then asked Defendant's counsel to draft the actual document for him. Defendant notes that Plaintiff did not file the actual motion requesting the extension at that time, even after Defendant's counsel indicated that Plaintiff's counsel would have to draft the document.[2] [Defendant's Response at 2]. Plaintiff as of the present moment has filed a list of likely witnesses but has still not filed the full Rule 26 disclosures. This issue is critically important to Plaintiff's case, as without any experts Plaintiff will likely be unable to prove medical malpractice. *See, e.g., Lopez v. Reddy*, 113 P.3d 377, 380 (N.M. Ct. App. 2005) ("[t]he testimony of a medical expert is generally required when a physician's standard of care is being challenged in a medical negligence case").

## II. Legal Standard

Fed. R. Civ. P. 26(a)(2) requires parties to disclose more than just the identity of the expert witnesses they wish to present at trial. The Rule requires that the party wishing to present an expert witness provide a written report prepared and signed by the witness containing a complete statement of the opinions that the witness intends to express, the underlying rationale for those opinions, supporting data, any exhibits that might be used, as well as a list of the witness's qualifications, compensation for testimony, and any prior experience the witness has testifying. Where a party fails to make the required Rule 26 disclosures without "substantial justification," Fed. R. Civ. P. 37(c) states that the party is not allowed to use that evidence at trial unless the failure is "harmless." Rule 37(c) also permits the court to impose any other appropriate sanction in addition to, or in lieu of the abovementioned "automatic" sanction. *See* 8A Wright, Miller, & Marcus, *Fed. Prac. & Proc. Civ.* § 2289.1 (2d ed. 2007).

Thus Rule 26 sets up two inquiries for the Court when determining whether to allow a party to use expert testimony that has not conformed to the discovery rules: whether the discovery error was "without substantial justification" and whether it was "harmless." The Tenth Circuit has held that "[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v.*

---

[2]Plaintiff finally filed the motion requesting more time for the expert disclosures on November 8, 2007, after Defendant filed his motion for Summary Judgment.

*Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.,* 100 F.3d 1353, 1363 (7th Cir.1996)). The Tenth Circuit has also noted that it is "generally not an abuse of discretion for a court to exclude evidence based upon failure to timely designate." *Santana v. City & County of Denver*, 488 F.3d 860, 867 (10th Cir. 2007) (affirming the district court's enforcement of the discovery deadline).

      The federal rules and Tenth Circuit precedent thus provide support for the exclusion of expert witness testimony where the party wishing to present such testimony missed discovery deadlines.  This makes sense as under normal circumstances the exclusion of testimony at trial will not destroy a party's case.  However, "the exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." 23 *Am. Jur. 2d Depositions and Discovery* §218.  Thus where the exclusion of the expert witness results in dismissal of the plaintiff's case, courts have evaluated the exclusion of the witness more carefully to determine whether exclusion is warranted given the circumstances. *See, e.g., Sherrod v. Lingle*, 223 F.3d 605, 612 (7th Cir. 2000) ("we recognize that in a case such as this where exclusion [of an expert witness for failure to comply with discovery deadlines] necessarily entails dismissal of the case, the sanction must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction.") (internal quotations omitted).  Indeed where, as here, the preclusion of expert testimony would very likely lead to the failure of the plaintiff's case[3], the

---

[3]While expert testimony is ordinarily required to establish medical negligence under New Mexico law, a plaintiff may establish medical negligence without the testimony of an expert witness where "negligence can be determined by resort to common knowledge ordinarily possessed by an average person." *Pharmaseal Laboratories, Inc. v. Goffe,* 568 P.2d 589, 594 (N.M. 1977) (noting that lay testimony regarding the violent extraction of a tube and the pounding of plaintiff's back by hospital employees for several hours as plaintiff's head hit the foot of his hospital bed, was sufficient for plaintiff to survive summary judgment). Defendant maintains, however, that this is not the type of case where lay testimony will suffice and argues that Plaintiff's failure to identify an expert witness who can testify to the standard of care, any alleged breach of that standard of care, and causation will render Plaintiff unable to establish his claim for medical negligence. [Defendant's Motion for Summary Judgment at 1]. The Court need not decide at this time which type of case the Plaintiff has presented. However, for purposes of determining whether Plaintiff should have additional time to make the required Rule 26 disclosures, the Court will accept Defendant's representations regarding the necessity of an

Sixth Circuit has evaluated the district court's actions as if the court had decided to sanction the plaintiff with dismissal rather than merely excluding evidence at trial. *See Freeland v. Amigo*, 103 F.3d 1271, 1276-77 (6th Cir. 1997) (noting the harshness of the dismissal penalty particularly where it denies an innocent plaintiff his day in court); *see also Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (discussing dismissal as a discovery sanction and noting that before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions).

      The Court is deeply disappointed with Plaintiff's counsel's conduct.  However, Plaintiff's counsel's negligence in meeting the discovery deadlines, while grossly unacceptable, does not yet rise to the level of willfulness or prejudice to Defendant to allow this Court to constructively dismiss Plaintiff's complaint by preventing Plaintiff from making the required submissions. Since Plaintiff has had almost four additional months to make those submissions, the Court will allow Plaintiff to do so at the present time, but under the following conditions: (1) Plaintiff has 15 days to make the required Rule 26 disclosures; (2) Defendant will have 30 days after the date that Plaintiff discloses his expert witnesses to disclose his expert witnesses; (3) Plaintiff must make his expert witness or witnesses immediately available for deposition and will be responsible for all fees and costs associated therewith.

      Should Plaintiff not meet the conditions imposed above, particularly the deadline regarding the Rule 26 disclosures, Plaintiff's experts will not be able to testify at trial, and dismissal of Plaintiff's case may result.

### **ORDER**

      A Memorandum Opinion having been entered this date, it is hereby ORDERED that Plaintiff's Motion to Extend Expert Deadlines  [Doc. 34], and Defendant's Motion to Extend

---

expert witness.

Deadline for Disclosure of Expert Witnesses [Doc. 33] be, and hereby are, GRANTED, and Defendant's Motion for Summary Judgment Due to Lack of Expert Witness [Doc. 28] is hereby DENIED as moot.

Dated this 12th day of February, 2008.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE